**Bruce Berline, Esq.**
**Law Office of Bruce Berline**
Macaranas Building, Second Floor
P.O. Box 5682 CHRB
Garapan, Saipan, MP 96950
Telephone: (670) 233-3663
Facsimile: (670) 233-5262

Attorney for Lawrence Kalen

## UNITED STATES DISTRICT COURT

## FOR

## THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 08-00014 |
| Plaintiff, ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LAWRENCE KALEN'S MOTION TO COMPEL GOVERNMENT TO GIVE NOTICE OF INTENTION TO USE EVIDENCE OF OTHER CRIMES, WRONGS OR ACTS. |
| vs. ) | |
| KALEN, GREGGORY SABLAN, KALEN, ) LAWRENCE, and SABLAN, MANUEL ) ALDAN, ) | |
| Defendants. ) | Time: 9:00 a.m.<br>Date: June 5, 2008<br>Judge: Munson |

### FACTS[1]

Defendant Lawrence Kalen ("Defendant") is charged with one count of Conspiracy to Distribute D-Methamphetamine Hydrochloride ("Ice"), in violation of Title 21, United States Code, §§ 846 and 841(a)(1), and two counts of Distribution and Possession with Intent to Distribute Ice D-Methamphetamine Hydrochloride, in violation of Title 21, United States Code, § 841(a)(1).

In this case, according to the Government's discovery provided to the Defendant, the Government allegedly used a confidential informant ("CI") to set up the Defendant and persuade him to obtain Ice for the informant. The Government provided the CI with the money to allegedly buy drugs from Defendant. The CI allegedly arranged the drug buy with the Defendant, conversed with him at least

---

[1] All facts are alleged from the discovery provided to the Defendant by the government.

four times and met him to purchase narcotics. Accordingly, the Government's use of an informant may have provided a basis for an entrapment defense.

Trial is presently set for June 30, 2008, before this Court. Defendant moves this Court to compel the Government to give notice of the government's intention to use evidence of other crimes, wrongs or acts at trial.

Rule 404(b) of the Federal Rules of Evidence states that:

> evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The rule clearly requires the Government to provide notice of prior bad acts it intends to introduce as evidence at trial upon request by a defendant. *Id.*

The Defendant has provided such a request to the Government but has not received any notice as required under Rule 404(b). Although the Government may not have any such evidence, given the circumstances of this action, it is likely that the Government will use 404(b) evidence at trial should the such evidence exist.

Although Rule 404(b) requires only a request to obtain notice from the Government, this matter presents circumstances which increases the importance of receiving notice of prior bad acts. Here, the Government has used an informant as a active participant in the alleged criminal activity. Utilizing informants as active participants in alleged criminal activity has attendant risks of entrapment to otherwise innocent people. *Velarde-Villarreal v. United States*, 354 F.2d 9, 13 (9th Cir. 1965). There are two elements to the defense of entrapment: (1) Government inducement of the crime, and (2) the absence of predisposition on the part of the defendant. *United States v. Thickstun*, 110 F.3d 1394, 1396 (9th Cir. 1997). Accordingly, it is most certain that the government will attempt to admit any 404(b) evidence it possesses in order to prove that the Defendant was predisposed.

If the government intends on using 404(b) evidence, then it must provide defense counsel with "reasonable notice in advance of trial." Defendant now asks the Court to compel the government to provide such notice. Further, the Defendant asks that the notice should identify and describe the

1  following:
2      (a)    The dates, times, places and persons involved in the other crimes, wrongs or acts;
3      (b)    The statements of each participant in the other crimes, wrongs or acts;
4      (c)    The documents or other tangible objects that contain evidence of the other crimes, wrongs
5  or acts, including when the documents was prepared, who prepared the documents, and who has
6  possession of the documents;
7      (d)    The issue or issues on which the government believes these other crimes, wrongs or acts
8  evidence is relevant with Rule 404(b).

10  Dated this 16th day of May, 2008.

                                                    _____
                                                    BRUCE BERLINE
                                                    Attorney for Defendant
                                                    P.O. Box 5682 CHRB
                                                    Saipan, MP 96950