F. MATTHEW SMITH
Law Office of F. Matthew Smith, LLC
2nd Floor, UIU Building, Chalan Monsignor Guerrero
San Jose Village
P.O. Box 501127
Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

Attorney for Greggory Sablan Kalen.

**IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>vs.<br><br>GREGGORY SABLAN KALEN,<br>LAWRENCE KALEN, and<br>MANUEL ALDAN SABLAN,<br><br>            Defendants. | CRIMINAL CASE NO. 08-00014<br><br>**MOTION TO CONDUCT INDEPENDENT TESTING OF ALLEGED DRUG EVIDENCE and TO HIRE AN INDEPENDENT LAB FOR SUCH TEST**<br><br>Date: June 5, 2008<br>Time: 9:00 a.m.<br>Judge: Honorable Alex R. Munson |

Defendant Greggory Sablan Kalen, by and through his Court appointed counsel, F. Matthew Smith, hereby respectfully moves this Court for an order allowing him to independently inspect and test the alleged drug samples charged by the Government. Specifically, Exhibit 1 (Kalen 00033) and Exhibit 3 (Kalen 00037) which have been allegedly determined to be samples of d-Methamphetamine HCI.

This Motion is brought pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure and is supported by the following:

    1.    In this case, according to the Government's discovery provided to the Defendant, the

Government has two samples of drugs (tangible objects) allegedly obtained from the Defendant and/or his co-defendants, which samples have been tested by the Government and allegedly show signs of being d-Methamphetamine HCI, which samples are expected to be used against Defendant by the Government at trial.

2. Trial is presently set for June 30, 2008, before this Court. Defendant moves this Court for an order allowing Defendant to submit the samples for an independent test.

> Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure states that:
> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, date, photographs, tangible objects, buildings or places, or copies or portions of these items, if the item is within the government's possession, custody, or control and: (I) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

3. The rule clearly requires the Government to allow for the requested testing. Further, "a defendant has a constitutional right to attempt to obtain exculpatory evidence." 1995 Mont. Dist. LEXIS 474, *citing State v. Swanson*, 722 P.2d 1155 (1986) (authorities also "have a responsibility to properly administer exculpatory evidence when they have an opportunity to do so.").

4. When Defendant, through counsel, contacted the Government about this request, the Government expressed a willingness to allow the testing but that wanted a Court order to ensure that the samples are properly handled and delivered directly to the independent testing lab by the Government lab. At this time, Defendant is still attempting to locate a lab to conduct the independent test.

5. Accordingly, the Defendant moves this Court for an order allowing the independent testing of the alleged samples and permitting Defendant to hire an independent lab as Defendant does not have the

necessary funds to hire such a lab having been determined to without resources sufficient to even hire an attorney. Further, Defendant asks for any other orders necessary to accomplish the requested testing.

Respectfully submitted this __16__ day of May 2008.

                                                       F. MATTHEW SMITH
                                                      Attorney for Defendant
                                                      Greggory Sablan Kalen