1  LEONARDO M. RAPADAS
   United States Attorney
2  ERIC S. O'MALLEY
   Assistant United States Attorney
3  DISTRICT OF THE NORTHERN
      MARIANA ISLANDS
4  Horiguchi Building, Third Floor
   P.O. Box 500377
5  Saipan, MP 96950
   Telephone:  (670) 236-2980
6  Fax:         (670) 236-2985

7  Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**NORTHERN MARIANA ISLANDS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08-00014 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **GOVERNMENT'S RESPONSE** |
| | ) | **TO DEFENDANTS' MOTION** |
| | ) | **FOR BILL OF PARTICULARS** |
| KALEN, LAWRENCE SABLAN; | ) | |
| KALEN, GREGGORY SABLAN; and | ) | |
| SABLAN, MANUEL ALDAN | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the United States of America, by its undersigned counsel, in response to defendants Lawrence Sablan Kalen, Greggory Sablan Kalen and Manuel Aldan Sablan's Motion for a Bill of Particulars. The government respectfully submits that the Indictment adequately informs the defendants of the essential facts and elements of the charges, and in conjunction with furnished discovery, provides them with sufficient information to both prepare their cases and to avoid double jeopardy concerns. The government will timely provide additional discovery material to the defendants as required by the Federal Rules of Criminal Procedure, by law, or by order of the Court.

**ARGUMENT**

The government first notes that Title 21, United States Code, Section 846, the statute governing drug conspiracies, does not require an overt act; therefore the charging instrument need not describe one. United States v. Shabani, 513 U.S. 10, 15-16 (1994). Nor is the government required to identify the specific dates or give the names of the conspirators. United States v. DiCesare, 765 F.2d 890, 897-98 (9th Cir. 1985). While defendants in this case complain that the Indictment states conclusions "as if quoting from a statute," an indictment that tracks the words of the statute is generally sufficient. United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir. 1986). Count One alleges that the defendants knowingly and intentionally entered an agreement to distribute "ice", spanning a twelve-day period, in the District of the Northern Mariana Islands. Though basic, this fulfills the purpose of a charging instrument. See United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988)(sufficient to track language of statute, provided the indictment also includes the approximate dates, the place of the transaction, and the type of controlled substance distributed).

**CONCLUSION**

For the reasons stated herein, the government respectfully requests that the defendants' motion be denied.

Respectfully submitted this 29th day of May 2008.

                                          LEONARDO M. RAPADAS
                                        United States Attorney
                                        District of the Northern Mariana Islands

                                        */s/ Eric S. O'Malley*
                                        ERIC S. O'MALLEY
                                        Assistant U.S. Attorney