## MINUTES OF THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

CR-08-00014-001                                    June 6, 2008
                                                   9:00 a.m.

### UNITED STATES OF AMERICA -vs- GREGGORY SABLAN KALEN

PRESENT:    HON. ALEX R. MUNSON, CHIEF JUDGE PRESIDING
            K. LYNN LEMIEUX, COURTROOM DEPUTY
            SANAE SHMULL, COURT REPORTER
            ERIC O'MALLEY, ASSISTANT U.S. ATTORNEY
            MATTHEW SMITH, COURT APPOINTED COUNSEL
            GREGGORY SABLAN KALEN, DEFENDANT

PROCEEDINGS:   BAIL HEARING

Defendant **GREGGORY SABLAN KALEN** appeared with court appointed counsel, Attorney Matthew Smith. Government was represented by Eric O'Malley, AUSA. U.S. Probation Officer, Melinda Brunson was present.

Attorney Smith moved for release on bail.

Attorney Smith called potential third-party custodian:

**LOURDES SABLAN KALEN.** DX. CX.

**JESSICA I. DELA CRUZ.** DX. CX.

Court found that **LOURDES SABLAN KALEN** qualified as a third-party custodian pending the U.S. Probation Office investigation. Also, that **JESSICA I. DELA CRUZ** shall serve as alternate third-party custodian.

Court ordered the defendant released on the following conditions:

1)      That the defendant remain under the custody of a Court approved third party custodian;

2)      That the defendant shall submit to pretrial services supervision under the direction

of the United States Probation Office and abide by all standard conditions and that he must report at any time as requested;

3)    The defendant must not leave the island of Saipan without written permission from the Court;

4)    That the defendant must not change his residence without written permission of the Court;

5)    That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case;

6)    That the defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

7)    That the defendant execute an unsecured bond in the amount of $5,000;

8)    That the defendant shall surrender his passport and any other travel documents and not obtain any other travel documents or passport;

9)    That the defendant refrain from possessing firearms, destructive device, or other dangerous weapons, or to have at residence;

10)   That he refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 USC 802, unless prescribed by a licensed medical practitioner licensed in the CNMI;

11)   That he submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing;

12)   That the defendant shall participate in the electronic monitoring program and abide by all the requirements of that program. The defendant shall be under home detention which will require the defendant to remain at his residence at all times except for employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, Court appearances, court-ordered obligations, or other activities as pre- approved by the pretrial service officers.

13)   That the defendant shall refrain from any and all alcohol;

14)   That the defendant shall avoid any and all contact with any witness or victim related to this case , including but not limited to the co-defendants, unless in the presence of his attorney and for the purpose of preparing for his defense.

Attorney Smith requested that the defendant not have to endure the costs of his electronic monitoring.  Court so ordered.

Court ordered the defendant back into the custody of the U.S. Marshal until further order of the Court.

Adj. 9:40 a.m.

/s/K. Lynn Lemieux, Courtroom Deputy